**Brian Darnell EDWARDS,
Plaintiff–Appellant,**

v.

**HIGH DESERT STATE PRISON; M.D.
McDonald, Warden; R.L. Goes; T.
Robertson; M. Keating; K. Harpes;
Raski; T. Barron; Wedemeyer;
Cleme; D. Moore; T. Perez; Fred
Foulk, Warden; M. Mitchell; J. Che-
ney; J. Turner–Gambery; D. Swingle,
Defendants–Appellees.**

No. 13–15875.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 2, 2015.

Brian Darnell Edwards, Corcoran, CA,
pro se.

Thomas S. Patterson, Esquire, Supervi-
sory, California Department of Justice,
Kenneth T. Roost, Esquire, AGCA–Office
of the California Attorney General, San
Francisco, CA, for Defendants–Appellees.

Before: THOMAS, Chief Judge and
HAWKINS and McKEOWN, Circuit
Judges.

MEMORANDUM **

Prisoner Brian Edwards appeals the dis-
trict court's grant of summary judgment in
favor of the state with respect to his 42
U.S.C. § 1983 claims under the Eighth and
Fourth Amendments. "We review de novo
the district court's grant of summary judg-
ment." *Oswalt v. Resolute Indus. Inc.,*
642 F.3d 856, 859 (9th Cir.2011). We af-
firm.

Edwards alleges that on December 23,
2008, he informed prison personnel that he
was experiencing an asthma attack, yet he
waited 2.5 hours to receive treatment.
Under the Eighth Amendment, Edwards
"must allege acts or omissions sufficiently
harmful to evidence deliberate indifference
to serious medical needs. It is only such
indifference that can offend 'evolving stan-
dards of decency' in violation of the Eighth
Amendment." *Estelle v. Gamble,* 429 U.S.
97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251
(1976). Delay in medical treatment "must
have caused substantial harm" to violate
the Eighth Amendment. *Wood v. House-
wright,* 900 F.2d 1332, 1335 (9th Cir.1990).
Edwards experienced a delay of only 2.5
hours; he was able to walk on his own
volition to receive treatment; and he suf-
fered no health effects from the incident.
No reasonable jury could conclude that
Edwards experienced substantial harm.
*See id.* at 1333, 1335 (rejecting prisoner's
Eighth Amendment claim where he had to
wait "several days" to see a physician after
complaining of broken pins in his shoul-
der).

Edwards next brings claims against
three different prison officials for a May
19, 2009, incident in which he was given a
used inhaler. This claim also fails to meet
the legal threshold for an Eighth Amend-
ment violation. The undisputed evidence
shows that his inhaler was mislabeled by
the pharmacy staff; however, a claim that

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

"a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106, 97 S.Ct. 285. Upon complaining to prison personnel about the used inhaler, Edwards was released to walk to the medical treatment facility, where he received treatment, and was given a new inhaler the same day. Edwards produced no evidence that any of the defendants acted with "conscious disregard of an excessive risk to [Edwards's] health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996).

Edwards claims that a prison guard decreased the hot water in his cell on an unspecified day in June 2009, which prevented him from making soup or coffee, and refused to allow him and his cellmate to shower on August 23, 2009. Neither isolated incident is sufficient to show that Edwards was denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

Edwards claims that a female prison guard violated the Fourth Amendment when the guard, who was stationed in a control tower, observed him being strip searched by a male guard. We first held, in 2011, that a non-emergency, cross-gender strip search violated the Fourth Amendment. *Byrd v. Maricopa Cty. Sheriff's Dep't,* 629 F.3d 1135, 1147 (9th Cir.2011) (en banc). The male detainee in that case was subjected to a physically invasive cross-gender search of his genital area. *Id.* at 1142. Edwards's search involved far different circumstances and occurred in 2009, when the constitutionality of occasional cross-gender observation of searches was not clearly established. The female guard is therefore entitled to qualified immunity from liability. *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). We need not and do not consider the underlying Fourth Amendment question.

Any other claims and arguments included within Edwards's lawsuit are without merit.

**AFFIRMED.**